# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARK ALLEN MCCONAUGHY,**

    **Plaintiff,**

    vs.

**THE TIMES LEADER NEWSPAPER,**

    **Defendant.**

Case No. 2:21-cv-2237

Judge Michael H. Watson

Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, moves this court for leave to proceed *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

2

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff names as Defendant "The Times Leader Newspaper," which appears to be the local newspaper in Martins Ferry, Ohio. (ECF No. 1-2, at 1.) Plaintiff alleges a violation of his 14th Amendment rights as follows, restated verbatim:

> The Times Leader did knowingly violate Section 2 of 2717.01A2 of the Ohio Revised Codes in the publication of my current and future name when severe safety

3

> issues did exist. Belmont County Probate Court did release this information to the Times Leader also in violation of said Revised Code! This publication was reported to a radio talk show by Lyn Cole to 106.3 "The River" which did broadcast my information to untold thousands of people with no regard of possible personal safety issues. The actions by these three entities is a violation of my civil rights for I have a civil right to be free of harm as do my daughter [KKM], a minor, and also named on my petition to the legal change of name! The release of my information was an attempt by the Times Leader and Belmont County Probate Court to assinate my character and ruin my reputation in violation of 1948 U.N. Charter of Human Rights. The actions of the Times Leader has severely inhibited me from protecting myself and my child from harm against those who seek my life and has forever prevented me from changing my name to that which I truly choose! The Belmont County Courthouse is using the local police to intimidate me and refusing me access to the judicial system in violation of my 14th Amendment rights under the U.S. Constitution!

(*Id*. at 3.)

In this case, Plaintiff checked the box on the form complaint for subject matter jurisdiction indicating that this Court has jurisdiction under 28 U.S.C. § 1331 (a lawsuit "arising under the Constitution, laws, or treaties of the United States.") Plaintiff, however, fails to state a claim arising under federal law.

First, Plaintiff's allegation of a violation of Article 12 of the 1948 U.N. Charter of Human Rights may be a reference to the Universal Declaration of Human Rights (UDHR). As one court has explained:

> The UDHR recognizes the right to be free from torture. UDHR, G.A. Res. 217A(III), U.N. GAOR, 3d Sess., U.N. Doc. A/810, at 71 (1948). The District of Columbia Circuit described the Universal Declaration as "merely a non-binding resolution." *Haitian Refugee Ctr. v. Gracey,* 809 F.2d 794, 816 n. 17 (D.C.Cir.1987). Moreover, at the time of its adoption in 1948, it was the explicit position of the United States that the Declaration "is not a treaty ... [or] an international agreement" and that "[i]t is not and does not purport to be a statement of law or of legal obligation." 19 *Dep't State Bull.* 751 (1948) (remarks of Eleanor Roosevelt, then a U.S. delegate to the General Assembly). The UDHR is merely a resolution of the United Nations, and is neither binding on the United States nor on this court. *Flores v. S. Peru Copper Corp.,* 343 F.3d 140, 165 & n. 36, 167-68 & n. 38, 169 (2d Cir.2003).

4

*Taylor v. Vivid Video*, No. 5:08 CV 0274, 2008 WL 744212, at *2 (N.D. Ohio Mar. 19, 2008). Accordingly, the Court does not construe Plaintiff's reference to the 1948 U.N. Charter as sufficient to state a claim for any violation of his civil rights.

To the extent Plaintiff claims Defendant violated his Fourteenth Amendment rights, "[t]o proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009); *see also Rubin v. Fannie Mae*, 587 F. App'x 273, 275 (6th Cir. 2014) (concluding that due process claim failed as a matter of law where the defendant was not a state actor); *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 843 (N.D. Ohio 2009) ("Because defendants are not state actors, they cannot be held liable under the Fourteenth Amendment.") (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) ("'[P]rivate conduct, however discriminatory or wrongful,' falls outside the scope of the Fourteenth Amendment[.]")). "The principal inquiry to be undertaken in determining whether a private party's actions constitute 'state action' is whether the party's actions may be 'fairly attributable to the State.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Here, Plaintiff has not alleged that the Defendant newspaper is a state actor or that its conduct constitutes state action. Plaintiff therefore has failed to state a federal claim based on an alleged violation of his civil rights. Moreover, "generally, a newspaper is a private enterprise, not a state actor and cannot be held liable under § 1983 for publishing the news. This remains true even when the newspaper publishes information received from police or other state officials." *Hall v. Witteman,* No. 07-4128-SAC, 2008 WL 4490620 (D. Kan. Oct. 1, 2008) (internal citations omitted); *see also Marshall v. Duncan*, No. CIV A 3:10CV-11-H, 2010 WL

1418736, at *2 (W.D. Ky. Apr. 6, 2010) (finding that defendant news providers and their employees were not state actors); *Davis v. Janczewski,* 22 F. App'x 533, 534 (6th Cir.2001) ("[D]efendant Janczewski cannot be said to have been acting under color of state law in reporting for a local newspaper.").

To be clear, "[to] act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 28 n. 4 (1980) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970); *United States v. Price,* 383 U.S. 787, 794 (1966)). However, absent any allegation suggesting the existence of a conspiracy or joint action with state agents, no § 1983 liability can attach to the Defendant newspaper. *See, e.g., Noble v. Husted*, No. 1:13-CV-00666, 2013 WL 5819664, at *4 (S.D. Ohio Oct. 29, 2013) (under the facts as alleged, radio station defendants were private parties, not state actors). Plaintiff's conclusory references to the Belmont County Probate Court or the "Belmont County Courthouse" are insufficient to suggest any joint action and therefore, do not support a different outcome. For all of these reasons, Plaintiff cannot maintain a § 1983 claim against Defendant newspaper because it is not a state actor.

Finally, pendent jurisdiction under 28 U.S.C. § 1367 should not be exercised to consider any state-law claims that are alleged in the complaint because plaintiff has failed to state a federal claim for relief. *See United States Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Brooks v. Rothe,* 577 F.3d 701, 709 (6th Cir.2009) (quoting *Wojnicz v. Davis,* 80 F. App'x 382, 384–85 (6th Cir.2003)) ("If the federal claims are all dismissed before trial, the state claims generally should be dismissed as well.").

Accordingly, the Court concludes that Plaintiff's complaint is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). *See, e.g., Noble*, 2013 WL 5819664, at *7 (explaining that, where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)).

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir.1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge

and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED**.

*/s/ Elizabeth A. Preston Deavers*
**DATED: May 11, 2021**        **ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**