# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Mark Allen McConnaughy,

    Plaintiff,

v.

The Times Leader Newspaper,

    Defendant.

Case No. 2:21-cv-2237

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Magistrate Judge Deavers performed an initial screen of Plaintiff's *pro se* Complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R") recommending the Court dismiss Plaintiff's Complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) and for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3). R&R, ECF No. 4. Specifically, the R&R noted that Plaintiff checked the box for subject-matter jurisdiction based on 28 U.S.C. § 1331 (a lawsuit "arising under the Constitution, laws, or treaties of the United States") and referenced a violation of his Fourteenth Amendment rights but that Plaintiff failed to adequately allege that Defendant acted under color of state law or that its conduct constituted state action. *Id.* at 4.

Plaintiff timely objected to the R&R. Obj., ECF No. 5. In his objections, Plaintiff first objects that he was not given an opportunity to amend his Complaint. *Id.* at 1. However, the Magistrate Judge was not required to provide

an opportunity to amend. Federal Rule of Civil Procedure 15(a)(2) permits a plaintiff to amend his complaint with leave of court. Fed. R. Civ. P. 15(a)(2). Such amendments are to be freely granted "when justice so requires." *Id.* Implicit in the language is that leave to amend is not automatic, and Magistrate Judge Deavers was not required to grant leave *sua sponte*. Furthermore, "leave to amend may be denied where the amendment would be futile." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff has not provided a proposed amended complaint or any additional factual allegations that would rescue his claims in this case. Therefore, amendment would be futile.[1]

Next, Plaintiff makes the conclusory argument that Defendant acted under the color of law "because the probate court in Belmont County[] ordered [Defendant] to print a notice of hearing" that forms the basis of Plaintiff's claim in this case. Plaintiff does not cite any case law in support of his argument that following a court order to publish notice transforms a newspaper into a state actor, and the Court finds that it does not. *See Wilkerson v. Warner*, 545 F. App'x 413, 421 (6th Cir. 2013) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985) (providing the standard for a civil conspiracy that courts use to

---

[1] Because Plaintiff was granted leave to proceed in forma pauperis, ECF No. 4, he has not paid any filing fees in this case. Therefore, filing a new complaint (to the extent he has a viable claim) will not prejudice Plaintiff.

Case No. 2:21-cv-2237    Page 2 of 3

determine "whether an individual had acted jointly with a state agent and was thus a state actor for purposes of § 1983 liability").

While Plaintiff objects that he has a legitimate complaint and "should not be denied fair and just compensation due solely because [he] did not attend Harvard law school," Obj. 3, ECF No. 5, that does not mean that this Court is a proper venue to handle his grievance. Federal courts are not the only avenue for a plaintiff to seek recourse for alleged wrongdoing. Plaintiff has not shown that he has a viable federal claim.

Upon *de novo* review, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's case without prejudice for lack of jurisdiction.[2] Plaintiff's Complaint, ECF No. 3, does not assert a claim arising under federal law.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**

---

[2] Plaintiff has also filed a motion for change of venue asserting that Judge Sargus and Magistrate Judge Deavers have a conflict of interest regarding this case and suggesting possible judicial misconduct. Plaintiff has not provided any credible allegations to support this claim, and the Undersigned has conducted a *de novo* review of all proceedings in Plaintiff's cases. No misconduct or conflict of interest is apparent from the record. Plaintiff's motion to change venue is moot because of the dismissal of his Complaint, but the motion would have been denied on the merits in any event.